IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00122-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ELAINE NIX CHASTAIN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Unredacted Sentencing Memorandum and Exhibits 1 and 2 [Doc. 21].

The Defendant, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum [Doc. 22], as well as Reports prepared by Robert D. Shaffer, Ph.D., and David Epstein, D.O., [Docs. 22-1, 22-3] under seal in this case. For grounds, counsel states that the redacted portions of the memorandum and the reports contain information about the Defendant's medical and psychological state, as well as findings by the writers of the reports. [Doc. 21].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed her motion on August 20, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing her motion, the Defendant also filed a redacted version of the memorandum and an unredacted exhibit thereto that are accessible to the public. [See Docs. 20, 20-2]. Further, the Defendant has demonstrated that the redacted portions of the memorandum and the reports contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the unredacted Sentencing Memorandum and the Reports is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's unredacted Sentencing Memorandum and the Reports, the Court finds that the unredacted portions of the

2

Sentencing Memorandum and the Reports contain case material and information of the nature that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d at 492.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file an unredacted Sentencing Memorandum and the Reports under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Unredacted Sentencing Memorandum and Exhibits 1 and 2 [Doc. 21]. is **GRANTED**, and the Defendant's unredacted Sentencing Memorandum [Doc. 22] and the Reports [Docs. 22-1, 22-3] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: August 28, 2020

Martin Reidinger
Chief United States District Judge