# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00122-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ELAINE NIX CHASTAIN, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a Motion for Compassionate Release [Doc. 29], and the Government's Motion to Dismiss Without Prejudice [Doc. 30].

## I. BACKGROUND

In August 2020, the Defendant Elaine Nix Chastain was convicted of defrauding a federally-insured financial institution in violation of 18 U.S.C. § 1005 and was sentenced to a total term of 12 months plus one day of imprisonment. [Doc. 24]. The Defendant is currently incarcerated at FMC Lexington, and her projected release date is September 9, 2021.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited Mar. 10, 2021).

On January 29, 2021, the Defendant filed the present motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the ongoing COVID-19 pandemic and her need to care for her elderly father. [Doc. 29]. The Court directed the Government to respond to the Defendant's Motion. [Text-Only Order entered Feb. 2, 2021]. On February 16, 2021, the Government filed a Motion to Dismiss, arguing that the Defendant had failed to demonstrate that she had exhausted all administrative rights available to her under § 3582(c)(1)(A). [Doc. 30]. The Defendant has not responded to the Government's Motion.

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any

response before filing a motion for a sentence reduction. The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

Here, the Government contends that the Defendant's motion for compassionate release must be denied without prejudice because she never claims in her motion that she ever made any request to the Bureau of Prisons (BOP) for a sentence reduction or that BOP denied that request or failed to act on such a request within 30 days. [Doc. 30 at 2]. While the Defendant does not specifically assert in her motion that she fully exhausted the remedies required by § 3582(c)(1)(A), she attached to her motion a "Response to Inmate Correspondence" from the Warden of her facility, which is dated January 7, 2021. [Doc. 29-1]. In this Response, the Warden

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

3

acknowledges the Defendant's request for a compassionate release and denies her request. [Id.]. Based upon this correspondence, the Court concludes that the Defendant has met her burden of showing that she complied with the requirements of § 3582(c)(1)(A). Accordingly, the Court will direct the Government to respond to the Defendant's Motion for Compassionate Release.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 30] is **DENIED**. The Government shall file a response to the Defendant's Motion for Compassionate Release [Doc. 29] within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.** Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge